V. S. SAMUELSON, Treasurer of Jefferson County, Appellee, v. J. M. HORN, Trustee under Will of J. R. Horn, Appellant.

No. 43205.

FEBRUARY 13, 1936.

Thoma & Thoma, for appellant.

Otto J. Eckey and Richard C. Leggett, for appellee.

ALBERT, J.—George R. Horn died on the 7th day of April, 1923. His will was duly admitted to probate on the 24th of April, 1923. Among other provisions was the following:

"Subject to the payment of my just debts and the payment and satisfaction of all the foregoing gifts and legacies, I hereby make and constitute all the remainder of my estate as a permanent Trust Fund, the principal sum to be kept intact and loaned out on good security, preferably on Real Estate in Jefferson County, Iowa, and the income to be used year by year for the aid and benefit of the deserving poor and needy of Jefferson County, Iowa, who have been made so by sickness and accident; and do hereby authorize and direct the executors hereinafter named to use the income of this bequest from time to time to carry out the purpose of this Will, * * * "

Under the provisions of the will, J. M. Horn, and W. G. Ross were named as the executors and trustees, and they duly

qualified and carried out this trust according to its terms. From the time of the appointment of these trustees down to 1933, no assessment was made against this trust fund, which amounted to in the neighborhood of $30,000. In February, 1934, the county treasurer assessed this property, and pursuant thereto a tax was levied against the same. The district court held that this property was subject to taxation. Hence this appeal.

There is but one question involved in this case and that is whether or not this property in the hands of these trustees was subject to taxation. It is hardly necessary to reiterate the fundamental rule that taxation is the rule and exemption the exception. We have announced this rule so many times that citation of authority is not necessary. It is equally well settled in this state that the terms of the statute are to be strictly construed. The last expression is found in Grand Lodge, A. O. U. W. v. Madigan, 207 Iowa 24, 27, 222 N. W. 545, 547, where we said:

"At the outset, it may be stated that there is and can be no quarrel between the instant parties with the rule that a grant of exemption from taxation by virtue of a statute is never presumed, and a claim of exemption thereunder is construed *strictissimi juris*. The claim must rest upon language in regard to which there can be no doubt as to the meaning, and the grant must be in terms too plain to be mistaken. In other words, taxation is the rule, and an exemption is the exception"—citing cases.

Turning now to the statute involved (being section 6944 of the Code of Iowa for 1931), it reads:

"The following classes of property shall not be taxed: * * *

"7. Property of cemetery associations. * * *

"8. Libraries and art galleries. * * *

"9. All grounds and buildings used by literary, scientific, charitable, benevolent, agricultural, and religious institutions and societies solely for their appropriate objects, * * *

"10. Moneys and credits belonging exclusively to the institutions named in subsections 7, 8, and 9, and devoted solely to sustaining them, but not exceeding in amount or income the amount prescribed by their charters or articles of incorporation;

and the books, papers, pictures, works of art, apparatus, and other personal property belonging to such institutions and used solely for the purposes contemplated in said subsections and the like property of students in such institutions used for their education.

＊　＊　＊　．''

Section 6953 reads as follows:

''All other property, real or personal, is subject to taxation in the manner prescribed, and this section is also intended to embrace: ＊　＊　＊　.'' (Here follow specified items not relevant to case before us.)

The point made in the case and on which it turns is found in the above statutes, and specifically turns on the word ''institution'', and is narrowed down to the question whether or not the trustee is an ''institution'' within the meaning of the statute.

Webster's New International Dictionary (2d Ed.) defines an institution as: ''An established society or corporation; an establishment, esp. one of a public character; a foundation; as a literary or charitable *institution;* the Smithsonian *Institution;* also, a building or the buildings occupied or used by such organization.'' A charitable institution means a public institution partaking of some of the duties of government. Barr v. Brooklyn Children's Aid Society (Sup.) 190 N. Y. S. 296; Hamburger v. Cornell University, 184 App. Div. 403, 172 N. Y. S. 5. Funk & Wagnalls' New Standard Dictionary defines it as a corporate body or establishment instituted and organized for public use. Conrad v. Maricopa County, 40 Ariz. 390, 12 P. (2d) 613, defines an institution as an established or organized society or corporation. It may be private in character, designed for profit for those comprising the organization, or public and charitable in its purpose. See, also, In re Sutro's Estate, 155 Cal. 727, 102 P. 920; In re Shattuck's Will, 193 N. Y. 446, 86 N. E. 455; Thomson's Ex'rs v. Norris, 20 N. J. Eq. 489, 524; Board of Trustees v. Monteith, 64 Or. 356, 130 P. 633; Gerke v. Purcell, 25 Ohio St. 229; Humphries v. Little Sisters of the Poor, 29 Ohio St. 201. These cases seem to fairly settle the question so far as outside authority is concerned.

The only case in Iowa that throws any light on this propo-

sition is the case of Rine v. Wagner, 135 Iowa 626, 113 N. W. 471, 472. In this case certain lands in Dallas county were granted to the Rt. Reverend James O'Connor, Bishop of Omaha, with the direction to apply said land and the proceeds arising from the same and the sale thereof to some charity according to his judgment, "but I prefer that the same be applied to the establishment or maintenance of an orphanage." In the discussion of this provision of the will, we said:

"The devise, then, was not to the bishop, save in trust for certain charitable uses, and the statute manifestly does not apply [section 1101 of the Code of 1873]: First, for the reason that the bishop is not such an institution as is referred to in the section of the Code quoted, although for some purposes he may be called a corporation; and, second, for the reason that the devise to him is in trust for a charitable use."

The words used in the statute upon which appellant relies, "such institution", manifestly have reference to an association similar to a corporation and not to an individual in trust for charitable uses. While the section of the Code under which this case was decided was not the section that we have under consideration, yet, by an analogy of terms, what is said in that case is very persuasive on the question we have before us. We feel that we can not hold this fund exempt from taxation, under the rules we have hereinbefore laid down, without stretching this statute beyond the intent of the legislature as expressed therein.

It follows, therefore, that the ruling of the district court was correct, and this results in an affirmance of the case.— Affirmed.

DONEGAN, C. J., and ANDERSON, KINTZINGER, RICHARDS, MITCHELL, and HAMILTON, JJ., concur.