NATIONAL BANK OF BURLINGTON, trustee under will of F. Albert Klein, deceased, appellee, v. EMIL F. HUNEKE, chairman, and BOARD OF REVIEW of Burlington, appellants.

NATIONAL BANK OF BURLINGTON, executor of estate of F. Albert Klein, appellee, v. EMIL F. HUNEKE, chairman, and BOARD OF REVIEW, appellants.

Nos. 49751
49752.

(Reported in 98 N.W.2d 7)

JULY 24, 1959.

H. C. Walsh, City Solicitor, and Pryor, Hale, Plock, Riley & Jones, of Burlington, for appellants.

Poor, Cray, Walter & Youngstrom, of Burlington, for appellee.

LARSON, J.—The issue before us in this appeal is whether funds held in trust for the purpose of establishing and maintaining a nonprofit hospital are exempt from moneys and credits tax by the provisions of chapter 427, Code of Iowa, 1958. The trial court held they were, and we concur in that conclusion.

The facts are not in dispute. F. Albert Klein, deceased, by will, left the residue of his estate to the National Bank of Burlington, Iowa, in trust for the express purpose of establishing a nonprofit hospital. The bank was also appointed executor of the will. When the Board of Review denied two claims filed for moneys and credits tax exemption, the matter was taken to the district court. The bank commenced two suits, one as executor pertaining to part of the funds and the other as trustee. The suits involved assessments of $73,157 and $1,422,-406 respectively. The issues being substantially the same in each case, they were consolidated for trial and, under stipulation of the parties, are considered together in this appeal.

The defendant Board does not deny that by the terms of the Klein will a charitable trust was created, nor that the Burlington National Bank was a proper or qualified trustee. It does contend that the trust created was not such a charitable trust as would fall within the class of trusts specifically exempt from tax by the language in section 427.1 of the Code, and that the bank itself could not qualify as an "institution" referred to in subsection 10 thereof. The contention is argued in three propositions.

I. By the express terms of Item VII of the Klein will, a trust was created to establish and maintain a charitable institution. Item VII of this will provides:

"Keenly conscious of the fact that the estate which I have been permitted to accumulate has been acquired in the community of my birth and my entire life, it is my last wish and purpose to return it to the people of that community for the charitable, scientific and educational purposes herein expressed.

"I, therefore, hereby give, bequeath, and devise all the rest

and residue of my estate wherever situated and in whatsoever form the same may be, unto: National Bank of Burlington as Trustee for the express and sole purpose of acquiring, constructing, maintaining, and operating a charitable, Protestant Hospital in, or adjacent to, the City of Burlington, Iowa, said trustee being specifically hereby authorized to acquire a suitable and appropriate site for said hospital in, or adjacent to, the City of Burlington, Iowa, away from the congested business district, and to construct thereon a modern hospital as may best comply with the needs of the people of the City of Burlington, Iowa, and the surrounding territory, and to operate the aforesaid hospital on a strictly charitable, scientific and educational basis, so that none who need the use of said facilities may be denied admittance, and I do hereby specifically direct that no substantial part of the activities of such trustee shall be carrying on propaganda or otherwise attempting to influence legislation, and I further hereby specifically direct that the aforesaid hospital shall be operated on a strictly nonprofit basis and that in the management thereof only such charges may be made from patients admitted as may be necessary to meet current operating and maintenance expenses, and that no profit shall be charged any persons seeking admittance thereto.

"Said hospital shall be known and designated. KLEIN MEMORIAL HOSPITAL, and the trust herein created shall be designated KLEIN MEMORIAL HOSPITAL TRUST.

"I further hereby direct that said trust shall be managed and controlled by the National Bank of Burlington as trustee and, if a vacancy occurs by resignation of the trustee, said vacancy shall be filled by a corporation or persons appointed by the two Judges of the District Court of the Twentieth Judicial District of the State of Iowa."

In the Restatement of the Law of Trusts, Second, chapter 11, section 376, comment (c), we find the following:

"A trust to establish or maintain an educational institution or hospital or home for poor persons is charitable although it is provided that the pupils or patients or inmates shall pay fees or otherwise contribute to the expense of maintaining the institution if the income so derived is to be used only to maintain the institution or for some other charitable purpose."

■ That a hospital is an institution cannot be denied. It is generally and legally referred to as an institution, and we may take judicial notice of that fact. Webster's New International Dictionary, 2d Ed., defines a hospital as "an institution or place in which patients or injured persons are given medical or surgical care", and defines an institution as "an established society or corporation; an establishment, esp. one of a public character; a foundation; as, a literary or charitable institution." For other definitions of that term we have recognized, see Samuelson v. Horn, 221 Iowa 208, 210, 265 N.W. 168, 169. We are satisfied the Klein Memorial Hospital, when activated under the terms of the Klein will, will be in fact a charitable institution and an establishment of a public character. While it is no doubt true that the people of the Burlington vicinity will receive considerable benefit from the trust because they will be afforded a suitable place to obtain proper care and treatment for their ill, yet the real beneficiary of the trust funds and the equitable title-holder of them is the Klein Memorial Hospital. It is the functioning of this institution which will perform a public purpose in the sense that the burden of the taxpayer within the community will be somewhat reduced. Board of Directors v. Board of Supervisors, 228 Iowa 544, 293 N.W. 38. The immediate use of the funds is to construct and maintain the charitable institution, and the attorney general of the state and the courts will act to enforce that use. In re Estate of Owens, 244 Iowa 533, 57 N.W.2d 193, 194.

■ II. It is the character and type of the benefit that determines whether the trust is charitable, whether it is for a public use and, if so, whether it is tax exempt under the provisions of chapter 427 of the Code. In re Estate of Cooper, 229 Iowa 921, 295 N.W. 448; Board of Directors v. Board of Supervisors, supra. There are many kinds or types of charities. Restatement of the Law of Trusts, Second, section 368, page 246; 10 Am. Jur., Charities, section 52, page 621.

■ The trust funds here were solely committed to the establishing of the Klein Memorial Hospital, an institution devoted to a charitable and public use. The clearly-stated purpose was to aid the public health and welfare of the community by the establishment and maintenance of a nonprofit hospital. When

in operation, the public will share the benefits, and the burden upon the taxpayer to furnish such facilities for the public will be reduced by the existence of this trust. It clearly provides a public use. Board of Directors v. Board of Supervisors, supra. By designation in the will of F. Albert Klein, the trust establishes this institution, obviously of a scientific, charitable and benevolent character. Restatement, Trusts 2d, section 372, page 255.

III. The type and character of the Klein Memorial Trust is of the type and character included in the tax exemption provisions in section 427.1 of the Code. Section 427.1 of the 1958 Code of Iowa provides:

"The following classes of property shall not be taxed:
* * *
"7. All grounds and buildings used by cemetery associations and societies for cemetery purposes.

"8. All grounds and buildings used for public libraries, public art galleries, and libraries and art galleries owned and kept by private individuals, associations, or corporations, for public use and not for private profit.

"9. All grounds and buildings used by literary, scientific, charitable, benevolent, agricultural, and religious institutions and societies solely for their appropriate objects, not exceeding three hundred twenty acres in extent and not leased or otherwise used with a view to pecuniary profit. * * *

"10. Moneys and credits belonging exclusively to the institutions named in subsections 7, 8, and 9 and devoted solely to sustaining them, but not exceeding in amount or income the amount prescribed by their charters or articles of incorporation; * * *."

No authority is necessary to sustain the appellants' proposition that statutes passed for the purpose of exempting property from taxation must be strictly construed. If there is any doubt upon the question, it must be resolved against the exemption and in favor of taxation. Readlyn Hospital v. Hoth, 223 Iowa 341, 344, 272 N.W. 90, 91; Board of Directors v. Board of Supervisors, supra, 228 Iowa 544, 546, 293 N.W. 38. Unquestionably, then, it was appellee's burden to show that the trust created herein was of the type and purpose that falls

within the letter of the tax exemption statute. We think it did, although considerable lost effort appears in appellee's attempt to show that the *trustee* was such an *institution* as was mentioned in the statute.

 IV. The type and character of the trust, not of the trustee, is what determines its use and thus its eligibility to a tax exemption under the statute.

Appellants place considerable reliance upon a decision in the case of Samuelson v. Horn, supra, 221 Iowa 208, 210, 265 N.W. 168. Unfortunate language appears in that opinion which indicates that we were holding the character of the trustee was of controlling significance in the application of these tax exemption statutes. It was said there: "The point made in the case and on which it turns is found in the above statutes [referring to what are now subsections 7, 8, 9, 10, of section 427.1], and specifically turns on the word 'institution', and is narrowed down to the question whether or not the *trustee* is an *'institution'* within the meaning of the statute." (Emphasis supplied.)

This seems to be the only previous case before us involving these exact tax exemption provisions, and appellants urge that our holding in that case, that the *trustee* was not an "institution" as contemplated by these statutory provisions, was controlling in this litigation.

In the Samuelson case Mr. Horn died leaving certain funds to establish a permanent trust, the income therefrom to be used year by year for the aid and benefit of the deserving poor and needy of Jefferson County who had been made so by sickness and accident. The distinct differences in these two cases were that in the Samuelson case the trustee was an individual and the poor and needy persons aided were to be selected by the trustee himself. In the case before us the trustee is a banking corporation and the funds are provided to establish a definite charitable institution, a nonprofit hospital which will furnish services to all in the community at actual cost.

Both of these trusts, of course, create charitable uses, but not necessarily public uses. In some jurisdictions the establishment of a permanent trust of general benefit itself would be declared the establishment of an "institution" under tax exemption statutes. See In re Oglebay's Estate, 162 Ohio St. 1, 120

N.E.2d 437, and cases cited therein. There is considerable merit in that position, particularly if the charitable use is one that aids or relieves a public function. However, it is unnecessary for us to decide that question here because under the facts in the case at bar and "institution" in the form of a hospital to perform a public use, was in fact established.

Appellee tried to distinguish these cases, and contends that the Burlington National Bank is such a prescribed "institution" and that it may act in many authorized capacities; that here while acting as trustee it could also be the charitable institution referred to by subsection 10 of section 427.1. No such legal maneuvers are necessary, for we hold the character of the trustee, be it individual or corporate, is not controlling one way or the other on the question as to whether this tax exemption applies. To that extent the opinion in the Samuelson v. Horn case and perhaps in the Rine v. Wagner case, 135 Iowa 626, 113 N.W. 471, is overruled.

Any trustee, individual or corporate, if qualified to act, as a general rule holds only the bare legal title to trust property, and could not also be the sole beneficiary of the trust. This is fundamental. Bogert on Trusts, Hornbook Series, chapter I, section 1, page 3; 54 Am. Jur., Trusts, section 30, page 43. It is the eleemosynary trust which provides that the beneficial interest is an institution established for a public use that qualifies appellee for this exemption, not its status as a trustee.

V. Moneys and credits, held by a trustee, which are committed to the establishment of a scientific, charitable or benevolent institution, referred to in subsection 9 of section 427.1 of the Code, although not yet in use for the construction or maintenance of that institution, are tax exempt by the provisions of the statute.

The estate of F. Albert Klein has not yet been closed. The trial court held that, although complete distribution had not been made to the trust, the equitable title to the property devised under Item VII passed immediately to the beneficial use. It also held that although the hospital had not been constructed, the funds were firmly committed and could not be diverted from the sole purpose of acquiring, constructing and operating the

1038

Klein Memorial Hospital, and that during the interim the tax exemption was not lost. This was correct. As a general rule the right to a tax exemption on funds in the hands of a trustee is determined by the nature of the beneficial interest. In re Estate of Cooper, supra, 229 Iowa 921, 295 N.W. 448; Ellsworth College v. Emmet County, 156 Iowa 52, 135 N.W. 594, 42 L. R. A., N. S., 530, and citations; McColl v. Dallas County, 220 Iowa 434, 262 N.W. 824; 61 C. J., section 400, page 400, 84 C. J. S., Taxation, section 231. In other words, the character of the trust here again determines whether the exemption applies prior to or pending its actual use.

We conclude that whether the appellee-bank holds these funds as executor or as trustee, they are tax exempt under subsection 10 of section 427.1, and the hospital fund as legatee and holder of the equitable title cannot be denied the exemption pending the actual establishment of the hospital when, as a going charitable institution, it would receive such an exemption. In re Estate of Cooper, supra, and cases cited.

VI. The trial court held appellee entitled to the tax exemption under the provisions of subsection 2 of section 427.1, and appellants assign this holding as its second error. In view of our holding that appellee has shown it qualifies under subsection 10, and that appellee does not argue that proposition, we do not pass upon that contention.

VII. In its last proposition appellants urge that unless the "institution" as referred to in subsection 10 of section 427.1 has a charter or Articles of Incorporation limiting the amount of income it may receive from a trust fund, it does not qualify for the exemption. We do not agree.

It was the trial court's opinion that the phrase "but not exceeding in amount or income the amount prescribed by their charters or articles of incorporation" only applied where such institution was operating under a charter or Articles which limited those funds, and that it did not apply where no such limits appear. We agree.

We think this provision applies only to those institutions limited by their Articles or by other statutory restrictions. Obviously the amount necessary to establish and maintain such

a charitable institution as a hospital or educational institution would be governed only by its size and undertaking.

There is also merit to appellee's contention that if a charter is required for such a hospital to operate, then if we define charter as meaning concrete authority by which an organized body acts, we should conclude that the Klein will did furnish the express authority by which the Klein Memorial Hospital will function, limited only by the amount available in Item VII. Ryan v. Witt, Tex. Civ. App., 173 S.W. 952.

We find little or no authority on this subject, and no other was cited on this proposition. It is not surprising, for each jurisdiction has its own peculiar wording in tax exemption statutes. However, in view of the fact that these limitations are specifically placed on the amounts for which exemptions may be claimed in certain cases, and not upon the type or character of the institution which may claim the exemption, we conclude that where there is no limit disclosed by its authority to act, such a charitable institution, properly organized, does not lose its right to the tax exemption provided under subsection 10 of section 427.1 of the Code.

The judgment of the district court in allowing the appellee relief from moneys and credits tax under chapter 427 of the 1958 Code is affirmed.

In view of the fact that both parties exceeded the allowable amount for printing costs, the clerk shall assess printing costs in this appeal of $1.50 per page.—Affirmed.

All JUSTICES concur.