BOSTON SOCIETY OF REDEMPTORIST FATHERS *vs.* CITY OF
BOSTON.

Suffolk.    March 3. — July 8, 1880.

Land owned by a religious corporation, upon which no church edifice has been
or is intended to be erected, and which is separated by a passageway from
the portion of the estate on which the church of the corporation stands,
and which is not necessary or incidental to the use of the church as a house
of public worship, is not exempt from taxation, under the Gen. Sts. *c.* 11, § 5,
*cl.* 7.

The fact that a benevolent or charitable corporation intends at some indefinite
future time to occupy land owned by it for the purposes for which it was incor-
porated, does not exempt the land from taxation, under the Gen. Sts. *c.* 11, § 5,
*cl.* 3.

CONTRACT to recover the amount of a tax assessed on May 1,
1876, by the defendant city, upon a lot of land owned by the
plaintiff corporation on the west side of Bumstead Lane in Bos-
ton, and paid by the plaintiff under protest.   The case was
submitted to the Superior Court, and, after judgment for the
plaintiff, to this court on appeal, upon the following agreed
facts :

The plaintiff was organized in 1871, under the Gen. Sts. *c.* 32,
and was authorized by the St. of 1875, *c.* 92, to hold real and
personal estate, for the purpose of its organization, to the amount
of $100,000, in addition to the amount allowed by the General
Statutes.   The articles of association stated the purpose of the
corporation to be " to promote Christian principles, and to re-
claim the destitute, ignorant and vicious classes of the commu-
nity from the evils under which they labor ; " and provided that
" no person shall be eligible to be elected a member of said
corporation, unless he be a member of the congregation of the
Most Holy Redeemer."

In April 1871, after its articles of association were recorded,
the plaintiff purchased, for the purposes for which it was organ-
ized, a large parcel of land on Tremont Street in Boston, which
was divided into two lots of unequal size by a private way called
Bumstead Lane, the fee in the soil of which way was owned by
the plaintiff, and over which the owners of certain other estates
had a right of passage.

At the time of the conveyance there was a house on the lot east of Bumstead Lane, which house was at once occupied by the plaintiff for the purposes set forth in its articles of association. This house was afterwards enlarged, and new buildings, consisting of a clergy-house, school and church, were erected. No tax has been assessed on this lot, it being conceded that it was exempt from taxation under the General Statutes.

The lot on the west side of Bumstead Lane was not, at the time of the purchase, occupied by any building, and has remained vacant to the present time. The plaintiff intended to place one of its new structures on this lot, and surveys and plans were made, but it was discovered that the cost of obtaining a secure foundation for a large building would be much greater upon this lot than on the easterly lot, and the location of the buildings was accordingly changed. The plaintiff intends to construct one or more light buildings of wood on the westerly lot for school purposes. The land of this lot is loamy, and suited to cultivation, while that of the easterly lot is chiefly a solid ledge of rock; but such parts of each as are suited for cultivation are cultivated, and are and have been occupied by grass, vegetables and fruit-trees. The vegetable products are small, and are consumed by the officers and servants of the plaintiff, or given away in charity.

The plaintiff has leased no part of the premises, and has derived no profit from them; and no part of the premises has been occupied by other than the plaintiff's officers and servants. The entire parcel of real estate on the east and west sides adjoins lands with numerous buildings thereon, some of them tenement houses, densely populated, and the plaintiff contends that the lands are of value to the plaintiff for light and air, and to prevent the too near proximity of causes of sickness.

The chief business of the members of the congregation of the Most Holy Redeemer is preaching and religious exhortation and teaching. The entire front of the east parcel on Tremont Street is occupied by the buildings of the corporation, whose officers contend that both the east and west parcels are necessary to the purposes set forth in their articles of association, which claim the defendant denies.

If the court should find for the plaintiff, judgment was to be entered for $355.60, with interest from December 21, 1876; otherwise, for the defendant.

*J. A. Maxwell*, for the plaintiff.

*T. M. Babson*, for the defendant.

AMES, J. It is according to the policy of our law that all the property of the inhabitants of the Commonwealth should contribute in fair and just proportion to the public burdens. The government assumes the protection of all property within its limits, whether owned by natural persons or corporate bodies, and it has a right to claim that such property is held subject to the reciprocal obligation of meeting, in its due proportion, the expenses incident to such protection. To this general rule there are exceptions, clearly and carefully defined in the Gen. Sts *c.* 11, § 5; but the burden of proof is upon every party who claims exemption from taxation to show that his case comes clearly within some one of these exceptions. It is in no case to be assumed that the law intends to release any particular property from this obligation; and no such exemption can be allowed, except upon clear and unequivocal proof that such release is required by the terms of the statute. If any doubt arises as to the exemption claimed, it must operate most strongly against the party claiming the exemption. *Providence Bank* v. *Billings*, 4 Pet. 514. *Charles River Bridge* v. *Warren Bridge*, 11 Pet. 420. *Philadelphia & Wilmington Railroad* v. *Maryland*, 10 How. 376. *Jefferson Branch Bank* v. *Skelly*, 1 Black, 436.

We think it extremely clear that the plaintiff cannot contend that there is anything in the Gen. Sts. *c.* 11, § 5, *cl.* 7, upon which it can maintain this action. Under that clause, houses of religious worship are exempt from taxation; and it has been decided that the land on which such houses stand is included in the exemption. *Trinity Church* v. *Boston*, 118 Mass. 164. Real estate held by a religious society, not more than sufficient in extent to meet its reasonable requirements in this respect, and devoted by such society in good faith to the erection of a church edifice, is entitled to the exemption given by the statute. But it is the appropriation of the property to the sacred uses contemplated which secures this privilege. The lot of land which, as the plaintiff contends, was wrongfully taxed in this case, has

not been so appropriated. No church edifice has been erected upon it, and we do not find upon the facts agreed that any such edifice is intended to be erected upon it. On the contrary, it was found to be an unsuitable place for the church, and it is the plaintiff's intention to occupy it with one or more light buildings of wood for school purposes. It is separated by a clearly defined lane or passageway from the portion upon which the church stands ; it is not necessary or incidental to the use of the church as a house of public worship, and the avowed intention of the plaintiff is to appropriate it to a purpose, which, however useful and praiseworthy in itself, is not public worship, and therefore not entitled to the exemption from taxation provided for in the seventh clause.

The plaintiff contends also that its case comes within the third clause of the section already referred to. That clause exempts from taxation " the personal property of literary, benevolent, charitable and scientific institutions incorporated within this Commonwealth, and the real estate belonging to such institutions, occupied by them or their officers for the purposes for which they were incorporated; " and it is insisted that the plaintiff is one of the institutions described in that clause, by virtue of its corporate organization under the Gen. Sts. *c.* 32. According to the terms of that chapter, as modified by the St. of 1869, *c.* 276, § 1, " Seven or more persons within this state, having associated themselves by agreement in writing for educational, literary, benevolent, scientific, charitable or religious purposes, under any name by them assumed, and complying with the provisions of this chapter, shall with their successors be and remain a body politic and corporate." It is contended, on the part of the plaintiff, that there has been a full compliance with the terms of that chapter. Supposing the fact to be so, however, we do not find that the plaintiff has fulfilled all the conditions upon which the exemption from taxation depends. We do not find, among the agreed facts, that the lot of land in question is occupied by the plaintiff or its officers for the purposes for which it was incorporated. The most that can be said is that the plaintiff intends that it shall be so occupied at some time; but to all appearance the time of such occupation is left wholly indefinite, and there is nothing to prevent the plaintiff

from changing its plans and alienating the property whenever it pleases. Without insisting on the strictest and most literal interpretation of the word "occupied," as found in the third clause, we cannot avoid the belief that some actual appropriation of the land to the purposes for which the plaintiff was incorporated must be unequivocally shown, in order to exempt it from taxation, and that an intent to do so at some wholly indefinite future time is not sufficient for that purpose. It should at least appear that it had begun to build. *New England Hospital* v. *Boston*, 113 Mass. 518. In other words, the exemption under the third clause, instead of being absolute as it is under the seventh, is conditional, and at the date of the tax in controversy the condition had not been fulfilled.

These considerations are decisive against the plaintiff in the present position of the case. Whether its claim to exemption from taxation, as to this lot of land, could be maintained, if the proposed school buildings had been erected, and appropriated to the uses described in the articles of association, is a question upon which we express no opinion.

*Judgment for the defendant.*