THE PRESBYTERIAN BOARD OF RELIEF FOR DISABLED MINISTERS AND THE WIDOWS AND ORPHANS OF DECEASED MINISTERS v. DANIEL L. FISHER, COLLECTOR OF THE TOWN OF NEWTON, IN THE COUNTY OF SUSSEX.

Submitted March 20, 1902—Decided June 9, 1902.

The holder of real and personal property, charged with a trust to use the same for purposes which are charitable in the sense of the two-hundredth section of the General Tax act (*Gen. Stat.*, *p.* 3320), will be entitled to the exemption from taxation reserved therein only so far as such property, at the time fixed by law for the assessment of taxes, is actually used for the purposes of said trust.

On *certiorari.*

Before Justices FORT, HENDRICKSON and PITNEY.

For the prosecutor, *Henry C. Hunt.*

For the defendant, *John L. Swayze.*

The opinion of the court was delivered by

HENDRICKSON, J.   This is a suit brought to test the legality of a tax assessment made against the prosecutor in the town of Newton, county of Sussex, for the year 1901.   The prosecutor is a charitable institution, incorporated under the laws of the State of Pennsylvania, and at the time of the assessment it was the owner in fee under a devise and bequest from Henry W. Merriam, deceased, of the late residence of the latter in Newton, consisting of a large mansion-house furnished, with barn and greenhouses, together with the lot on which they were erected, containing nearly five acres of land.   The property so devised was charged with a trust, the purpose of which was declared to be that of maintaining the residence,

grounds and buildings as a home for disabled Presbyterian ministers and the widows of Presbyterian ministers, to be known as the "Merriam Home." There was a further bequest in the will to the prosecutor of $30,000, in trust, to securely invest the same and apply the income thereof for the mainte- nance of the property in good condition, the surplus of the income, if any, to be applied to the expenses of the home or the other objects of the board.

The case shows that the mansion-house and premises, with the furniture and other equipment, were transferred to the prosecutor in November, 1900, and that a committee was ap- pointed by the Presbytery of Newton, as recommended by the will, to be entrusted by the prosecutor with the actual over- sight and care of the property in the work of maintaining the same in good condition, and that the committee has entered upon the administration of its trust. It further appears that there have been no inmates at the home during the past year and that the same has been in charge of a caretaker, and that the only income from the property has been from the pro- ceeds of the sales of some of the cultivated plants and flowers in the greenhouses, which have been used towards defraying in part the expenses of the maintenance of the property. The trust fund of $30,000 was not transferred to the prosecutor until about the month of October, 1901. The taxes in ques- tion were laid upon the premises above described in the name of the prosecutor, upon a rating of $19,000, and amount to $275.

The prosecutor claims exemption from these taxes under the General Tax law (*Gen. Stat.*, p. 3320, ¶ 200), which enacts that "all buildings used exclusively for charitable pur- poses, with the land whereon the same are erected, and the furniture and personal property used therein," shall be ex- empt from taxation. He also invokes in his favor a supple- ment approved March 22d, 1901, whereby it is enacted that any building used for purposes considered charitable at the common law shall be exempt from taxation, subject to a pro- viso therein recited. It is not disputed but the object of the

trust is charitable in the sense of the taxing acts, but the defendant justifies the assessment on the ground that the property has not yet been used for the objects of the trust, and that until it is thus used it is not within the exemption created by the statute.

In determining such a question we must have regard to the rule that statutes granting exemptions from taxation are construed most strictly against the grantee. *Church of the Redeemer* v. *Axtell,* 12 *Vroom* 117; *State Board, &c.,* v. *Paterson, &c.,* 21 *Id.* 446; *Nevin* v. *Krollman,* 9 *Id.* 574; *Congregation, &c.,* v. *Brakeley,* 38 *Id.* 176.

The statute is clear in confining the exemption to such buildings, lands, &c., as are *"used* exclusively for charitable purposes."  Under such circumstances the burden is upon the prosecutor to show that although admittedly the property has not been used for the objects of the trust, yet that the exemption should be allowed. 12 *Am. & Eng. Encycl. L. (2d ed.)* 296.   The general principle seems to be that an intention to use such property at some future time for purposes that would entitle it to exemption from taxation will not relieve it from liability to such imposition. 12 *Am. & Eng. Encycl. L. (2d ed.)* 323.

It was held in *Boston Society, &c.,* v. *Boston,* 129 *Mass.* 178, that an intention at some future time to occupy the land for the purpose that would entitle the owner to exemption is not sufficient.   In *Philadelphia* v. *Jewish Hospital, &c.,* 23 *Atl. Rep.* 1135, it was held that under the act exempting hospitals from taxation a building originally constructed for that purpose, but which had not been used as such for several years, was subject to taxation.

If there was anything in the case to show that preparations were being made before or at the time of the assessment to appropriate and use the property for the purposes of the trust, that plans for that purpose had been adopted and were being carried forward to meet the actual needs of the work, there might have been raised an interesting question whether the prosecutors were not entitled to the benefit of the exemption.

The case does show that the $30,000 bequest had only lately come to the hands of the prosecutors. And the argument is that until now they have not had the funds to sustain the home. And the case also shows that the prosecutor holds for charitable uses a similar house at Perth Amboy, New Jersey, and whether the needs of the work are such as to require early use of the property at Newton, and as to when it is proposed to use it for the reception of the class of beneficiaries embraced in the trust, the case is absolutely silent. We are unable, therefore, to sustain the application to set aside the assessment. The other reasons need not be considered.

The result is that the assessment is affirmed, with costs.