INSTITUTE OF HOLY ANGELS v. BOROUGH OF FORT LEE.

Submitted July 8, 1910—Decided November 10, 1910.

Where a building is in course of erection, intended to be used for a charitable purpose but not yet actually used therefor, it is not exempt from taxation under the act of 1903.

On *certiorari.*

Before Justices GARRISON, SWAYZE and VOORHEES.

For the prosecutors, *Vredenburgh, Wall & Carey.*

For the defendant, *Cornelius Doremus.*

The opinion of the court was delivered by

SWAYZE, J. The tax involved in this case is upon one of the lots which we have heretofore held to be taxable. *Institute of Holy Angels* v. *Bender,* 50 *Vroom* 34. The prosecutors

claim that the land is exempt because since that decision a building has been erected thereon. This building was in course of construction during the year in which the tax was imposed, and was not yet in use at the time the evidence was taken under this writ during the present year. The language of the statute exempts all buildings actually and exclusively used for colleges, schools, academies and seminaries not conducted for profit, and the land whereon the same are situated necessary to the fair use and enjoyment thereof, not exceeding five acres in extent for each.

It is not necessary in this case to appeal to the canon of strict construction of an exemption from taxation which has been recently reaffirmed in the Court of Errors and Appeals in *Sisters of Charity* v. *Cory*, 44 *Vroom* 699 (at *p.* 706), for in this case the natural construction of the language forbids the exemption. In order to be exempt the building must be actually used, and it was held under the Tax act of 1866, prior to the present revision of 1903, that a building intended for a charitable use, but not yet used for that purpose, was not exempt from taxation. *Presbyterian Board* v. *Fisher*, 39 *Id.* 143. The doubt suggested in that case as to the taxability of property where preparations were making before or at the time of the assessment to appropriate and use the property for the charitable purpose is removed by the change in the language of the act and the insertion of the words "actually used." The most that can be said in the present case is that the building was intended to be thereafter used for a charitable purpose. The tax in this case must, therefore, be affirmed, with costs.