THE YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE ORANGES, PROSECUTOR, v. CITY OF ORANGE ET AL., DEFENDANTS.

Submitted March term, 1925—Decided April 17, 1925.

**Taxes and Assessments—Y. M. C. A. Property, in Course of Construction, Not Yet in Use for Association Purposes—Tax Statutes Strictly Construed—Exemption Applies Only to Property "Actually Used" for Such Purposes.**

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Edward T. Magoffin*.

For the defendant city of Orange, *William A. Calhoun*.

PER CURIAM.

This is an appeal from a judgment rendered by the state board of taxes and assessment, affirming a judgment of the Essex county board of taxation sustaining an assessment on the property of prosecutor known as lot No. 22, in book No. 3, 129 Main street, in the city of Orange, for $55,300. The assessment was made as of October 1st, 1923, under the statute. *Pamph. L.* 1918, *p.* 859, § 401. The state board sustained the assessment on the ground that the building was unfinished and not actually and exclusively used in the work of the prosecutor at the time of the assessment, viz., October 1st, 1923. Citing *Institute of Holy Angels* v. *Fort Lee*, 80 *N. J. L.* 545; *Longport* v. *Bamberger Seashore Home*, 91 *Id.* 330.

The statute under which the prosecutor claims exemption from taxes is *Pamph. L.* 1922, *p.* 679; the pertinent provision of that statute is "all buildings actually and exclusively used in the work of associations," &c. It is settled beyond

further discussion that statutes granting immunity from taxation must be construed strictly. *Mausoleum Builders of New Jersey* v. *State Board*, 88 *N. J. L.* 592; *affirmed*, 90 *Id.* 163. The testimony of Mr. Clarence H. Potter shows that, on the assessment date, the property was not "actually and exclusively" used in the work of the association. We are bound by the construction placed upon the words *"actually used"* in the tax statute by our courts, in the cases cited in 80 *N. J. L.* 545, and 91 *Id.* 330, which are in point. Even so, it is conceded in the briefs, that on January 20th, 1925, the taxes now sought to be reviewed were voluntarily paid by the prosecutor.

The judgment of the state board of taxes and assessment is affirmed.