IOWA WESLEYAN COLLEGE, Appellant, v. O. N. KNIGHT, County Treasurer, Appellee.
No. 38983.

APRIL 2, 1929.

*McCoid, McCoid & McCoid,* for appellant.

*Leo V. Collins,* for appellee.

EVANS, J.—I. It appears from the petition that the plaintiff is an "educational institution," within the meaning of that statute which pertains to the taxation of real estate and to exemptions therefrom. Its petition is in two counts. In the first count it avers that it is the owner of certain real estate acquired by it on January 11, 1924; that such real estate was exempt from taxation, under Section 6944, Code of 1924; that, on September 8, 1924, the board of supervisors of Henry County levied a tax thereon, without authority or right so to do; that the defendant has advertised said property for sale at tax sale because of failure of plaintiff to pay the tax, and intends to sell the same. Injunction is prayed.

Section 6944 enumerates in 21 paragraphs property which is exempt from taxation. Paragraph 11 of such enumeration is as follows:

"11. *Property of educational institutions.* Real estate owned by any educational institution of this state as a part of its endowment fund, to the extent of one hundred sixty acres in any civil township."

The property in question is a town lot, and is located within the township of Mt. Pleasant, in Henry County. The plaintiff avers that its real property in said township is less than 160 acres. Its averments bring it within the terms of Section 6944.

We are not advised of the specific ground upon which the demurrer was predicated or sustained. Appellee has filed no

argument here. We surmise the seat of trouble to be in the fact that the property had been assessed as against plaintiff's grantor on January 1, 1924, and that the levy of September 8, 1924, was made pursuant to such assessment. If we are correct in this surmise, then the question arising is whether such prior assessment to the then owner is operative to defeat the exemption of the plaintiff, to which it would otherwise be entitled. The assessment did not create a tax, nor did it create a lien upon the real estate. The plaintiff took a warranty deed for the property on January 11th, and duly filed the same for record. Surely the assessment did not operate as a breach of the grantor's covenant of warranty. If the plaintiff had paid the tax later levied, it could not have recovered the same from its grantor, as for breach of warranty. If, therefore, the taxes so levied on September 8th be valid and payable, they are so valid and payable as against the plaintiff, and as against no one else. The question then is, When did the exemption statute become operative in favor of the plaintiff? We can conceive of no reason why it should not be deemed operative from the date of acquisition of the property and the filing of its deed for record. The property was that of the plaintiff, an "educational institution," on September 8th. In levying the tax, therefore, the supervisors acted in violation of Section 6944. Its levy was illegal. If plaintiff had known of such levy at the time, it could properly and successfully have resisted the same. It has an equal right to resist the collection thereof. It is entitled, therefore, to a quieting of its title and to a perpetual injunction, as prayed.

II. The second count in the petition describes another town lot in the same township, which was acquired by the plaintiff on July 31st, by warranty deed duly filed for record. What we have already said is likewise applicable to this count.

The decree of the district court must, accordingly, be—
*Reversed.*

ALBERT, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.