CLARA H. WAGNER, Appellee, v. BOARD OF REVIEW OF THE CITY OF GLENWOOD, Appellant.

No. 45978.

JUNE 16, 1942.

Cook & Cook, of Glenwood, for appellant.

Genung & Genung, of Glenwood, for appellee.

SAGER, J.—In January 1941, the assessor of Glenwood assessed a certain lot at $1,500 and a building under construction at $7,500. The building was then 55 per cent completed. This assessment was reduced by the Board of Review to $1,200 on the lot and $6,800 on the building. Appellee's predecessor in interest appealed, on the grounds that the assessment was too high, disproportionate, and not in equality with like property in the city. No evidence was offered except that of the architect who had charge of the construction. He set the figure of 55 per cent completion above mentioned. The other facts are covered by a stipulation. At the close of appellee's case, appellant moved as follows:

"Comes now the defendant, and moves the Court to dismiss the appeal for the reason that there is no sufficient evidence to overcome the presumption carried by the assessment by the assessor and board of review; and there is no evidence of value upon which the court could fix any value for this property."

The question before us was clearly brought out in an exchange between court and counsel at the time of the trial. We quote a part of it:

"The Court: I understand it this way, gentlemen, it is your theory in this matter that it was taxable only as an unimproved lot, without a finished building thereon? Mr. Genung: That is my contention. The Court: Whatsoever was on that on January 1st, is not taxable. Mr. Genung: No, an unfinished building is not taxable, then the lot is taxable. The Court: Then the value of the assessment on the lot would have to stand? Mr. Clyde Genung: That is all. * * * Mr. Carl Cook: There is no question

about the lot. Mr. Genung: There is no question about the lot at all. The Court: Any question about the value of the building in the evidence. Mr. Genung: If Your Honor finds it is taxable in that condition,—The Court: You are stuck with the assessment? Mr. Genung: Absolutely.''.

The trial court ruled that the unfinished building was not taxable. Therein we think the court erred. We have not had this question before us in any other case. Its solution depends upon the wording and effect of the statutes to which reference will be made. We approach the problem under this well-established rule: ''Taxation is the rule; exemption from taxation, the exception.'' Security Sav. Bk. v. Connell, 198 Iowa 564, 567, 200 N. W. 8, 9, 36 A. L. R. 486. See, also, Samuelson v. Horn, 221 Iowa 208, 265 N. W. 168.

Section 6959, 1939 Code, provides, in part:

''Real estate shall be listed and valued in 1933 and every four years thereafter, and in each year in which real estate is not regularly assessed, the assessor shall list and assess any real property not included in the previous assessment, and also any buildings erected since the previous assessment * * * .''

The assessment under investigation was made in 1941, the year in which real estate is ''regularly assessed.''

Section 7109, 1939 Code, as amended by section 14, chapter 249, Laws of the Forty-ninth General Assembly, provides:

'' * * * all property subject to taxation shall be assessed at sixty (60) per cent of its actual value; and such assessed value shall be entered opposite each item, and shall be the taxable value of such property, and the value at which it shall be listed, and to which the tax rate shall be applied.

''In arriving at said actual value [here follows an enumeration of matters to be considered] the burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate, or inequitable.''

The valuations fixed by the Board of Review are not challenged and must stand unless the contention of appellee that the

uncompleted building is not subject to assessment be sustained. From a reading of the statutes we find no reason for thinking that it was the purpose of the legislature to exempt from assessment a building nearly completed. As we have said, "taxation is the rule." It was the duty of the assessor to personally fix the valuation of this property; and there is no suggestion in the statutes that he should exclude from his valuation any real estate which happened to have upon it a building not yet completed. It would seem to be stretching the purpose and intent of section 6959 to hold that it means that a partially completed building, whatever its value, should escape taxation. A fair consideration of this section would lead to a contrary result.

We find no escape from the conclusion that this assessment fixed by the Board of Review, both on the lot and building, must be sustained. The trial court's ruling, therefore, is reversed.— Reversed.

BLISS, C. J., and MILLER, HALE, GARFIELD, WENNERSTRUM, and OLIVER, JJ., concur.