SOUTH IOWA METHODIST HOMES, INC., successor to Wesley Acres, Corp., appellant, v. BOARD OF REVIEW OF CASS COUNTY, appellee.

No. 51737.

(Reported in 136 N.W.2d 488)

JULY 29, 1965.

Dickinson, Parker, Mannheimer & Raife, of Des Moines, and Jones, Cambridge, Carl & Howard, of Atlantic, for appellant.

James Van Ginkel, Cass County Attorney, of Atlantic, for appellee.

Richard W. Berglund, of Des Moines, for Iowa Hospital Association, Inc., amicus curiae.

Alan Loth, of Fort Dodge, for Iowa Conference of Methodist Churches, amicus curiae.

Blue & Blue, of Eagle Grove, for Non-Profit Homes of Iowa, Inc., amicus curiae.

STUART, J.—The sole issue presented here is whether the land and a building under construction which will be exempt from taxation under section 427.1(9), Code of Iowa, when completed and occupied, is subject to taxation during the construction period. It reaches us as an appeal by plaintiff from the judgment of the trial court refusing to grant tax exemption to a partially completed home for the elderly in Cass County.

The pertinent parts of section 427.1 read as follows:

"427.1 Exemptions. The following classes of property shall not be taxed: * * *

"(9) All grounds and buildings used by * * * charitable, benevolent, * * * and religious institutions and societies solely for their appropriate objects * * *."

The parties by stipulation have removed the question of "appropriate objects" from the case and we, therefore, must start with the assumption that the property, when the building is completed and occupied, will come within the exemption. This also means that this decision will have broad application to all buildings constructed by institutions and societies granted the exemption under said section, including college classroom buildings, churches, and hospitals.

The case turns upon the meaning of the word "used" in section 427.1(9). The trial court held and appellee argues since

1304

taxation is the rule and exemption is the exception, this section, as an exemption statute, must be strictly construed and the letter of the law, as well as its spirit, observed, and, as so viewed, "used" cannot be construed to include "or to be used". We do not believe the question can be so simply or easily disposed of.

 Statutes are subject to construction only when they are ambiguous. Clarion Ready Mixed Concrete Co. v. Iowa State Tax Commission, 252 Iowa 500, 507, 107 N.W.2d 553, 558, and citations. There is considerable merit in the argument that there is no place for statutory construction here. The statute refers to both "grounds and buildings". It would seem axiomatic that the construction of a building which will be used to carry out an "appropriate object" is an appropriate object itself. If this is conceded, the land was, at the time of the assessment, being used for such appropriate object. It must also be conceded that if we restrict our attention to the building alone, it was not being "used" on the assessment date because it was not ready for occupancy. However, no one has contended the land should be exempt and the building taxable, and as a partially completed building is subject to taxation as part of the real estate, Wagner v. Board of Review, 232 Iowa 58, 4 N.W.2d 405, it does not seem unreasonable to apply the use of the land to the building. Rather than hold the statute unambiguous, however, we prefer to meet the statutory construction argument head on.

 Without a noted exception, our cases hold taxation is the rule and exemption the exception and exemption statutes are therefore to be strictly construed. Cornell College v. Board of Review, 248 Iowa 388, 390, 81 N.W.2d 25; Trustees of Iowa College v. Baillie, 236 Iowa 235, 238, 17 N.W.2d 143; Wagner v. Board of Review, 232 Iowa 58, 4 N.W.2d 405. Even cases which appear liberal in recognizing exemptions reiterate this rule of construction. Trinity Lutheran Church v. Browner, 255 Iowa 197, 200, 121 N.W.2d 131; National Bank of Burlington v. Huneke, 250 Iowa 1030, 1035, 98 N.W.2d 7; Trustees of Griswold College v. State of Iowa, 46 Iowa 275, 278, 26 Am. Rep. 138; Ellsworth College v. Emmet County, 156 Iowa 52, 135 N.W. 594, 42 L. R. A., N. S., 530.

On the other hand, we are faced with an express legislative

mandate to construe the "provisions and all proceedings" under the Code "liberally" and "with a view to promote its objects and assist the parties in obtaining justice." Section 4.2, Code of Iowa. See Center Township School District v. Oakland Independent School District, 253 Iowa 391, 398, 112 N.W.2d 665, and Chiesa & Co. v. City of Des Moines, 158 Iowa 343, 346, 138 N.W. 922, 48 L. R. A., N. S., 899.

These rules seem to be in conflict, but under the facts here each can be applied in its appropriate place. There is nothing in section 427.1(9) which indicates a legislative intent that "appropriate objects" should be broadly interpreted. The rule of strict construction should be used in determining what projects are within the "appropriate objects" of the institution. We do not have that question before us. The stipulation concedes the project here was an appropriate object. Once it is admitted the project itself is within the statute, we must, under section 4.2, interpret the statute liberally to promote its object.

██ The exemption statutes are a legislative recognition of the benefits received by society as a whole from properties devoted to appropriate objects of exempt institutions and the consequent lessening of burden on the government. They are designed to encourage these institutions to use their funds and property for such projects, Carl Zollmann, American Law of Charities 465, paragraph 693. If this is the legislative intent, we reach an illogical result if we hold the legislature intended property, ultimately exempt, to be subject to taxation during the construction period. Such activities are not encouraged by adding to the building costs. The subjection of this property to taxation during the construction period would tend to defeat the object of the exemption statutes.

Cases cited above involving property of institutions named in 427.1(9) support this construction. We have viewed them with considerable more favor than exemptions to private persons. Only two cases denying exemption cited by appellee involve such institutions. Cornell College v. Board of Review, 248 Iowa 388, 81 N.W.2d 25; Trustees of Iowa College v. Baillie, 236 Iowa 235, 17 N.W.2d 143. In both, exemption was denied on the question of ownership of property where the institution was required to

make annual payments to donor. They involved section 427.1 (11).

In view of our cases, the taxing of properties under construction would result in some anomalous situations. For instance, funds held to construct an exempt building are not subject to taxation. National Bank of Burlington v. Huneke, 250 Iowa 1030, 98 N.W.2d 7. The completed building is exempt. But the use of exempt funds to build an exempt building would result in the imposition of a tax during the construction period.

A building purchased for an appropriate object after it has been assessed to another owner can still attain exempt status before July 1. Section 427.1(25). See Iowa Wesleyan College v. Knight, 207 Iowa 1238, 1240, 224 N.W. 502 (before subsection 25). A building completed on the same date for the same purpose would be taxable at the value on the assessment date. While these results may not reach the stage of being absurd or ridiculous, they certainly are inconsistent, unjust and unfair.

One can better visualize the tax complications and inequities inherent in a ruling which would subject exempt buildings under construction to taxation by considering an actual situation in which a church purchased a residence on an adjoining lot, tore down the residence and constructed an educational unit. The old church building was then razed and worship services were held in the new unit. Now a new church building is being erected. All of which covered a period of several years. From a practical standpoint it would be almost impossible for the assessor to know when to tax or exempt the property involved.

Appellee cites the annotation appearing in 34 A. L. R. 634, 672, which states: "Land on which buildings to be used for charitable purposes are in the course of erection, or are in good faith contemplated, is generally held not exempt from taxation." The annotation is supplemented in 62 A. L. R. 328, 335, and 108 A. L. R. 284, 294.

After an examination of the annotations and the cases cited therein, we conclude it is inaccurate to refer to the above statement as a "general rule". Cases from only four jurisdictions are cited. Pennsylvania, New Jersey and Massachusetts are referred to as favoring "the general rule" while cases from New York and

Massachusetts are contrary. The two Massachusetts cases are not in conflict. Massachusetts favored the exemption when the parties were proceeding diligently with plans for the erection of a hospital. New England Hospital etc. v. Boston, 113 Mass. 518. Exemption was denied on a plot of ground purchased for the construction of school buildings at some future time, but which at the time of assessment was used as a garden. Boston Society v. Boston, 129 Mass. 178. The facts here are more consistent with the Massachusetts case in which exemption was allowed.

New Jersey and Pennsylvania statutes are not the same as the Iowa statute. New Jersey requires that the property be "actually used" rather than "used". The New Jersey court did not think this was an immaterial distinction. In an earlier case of Presbyterian Board v. Fisher, 68 N. J. Law 143, 52 A. 228, the New Jersey Court, while denying exemption under the facts, indicated an interesting question would have been presented if preparations had been made for use for charitable purposes. At that time the statute said only "used".

In Institute of Holy Angels v. Borough of Fort Lee (1910), 80 N. J. Law 545, 546, 77 A. 1035, which denied exemption to a building under construction, the court said: "* * * in this case the natural construction of the language forbids the exemption. In order to be exempt the building must be actually used, and it was held under the tax act of 1866 [Act April 11, 1866 (P. L. 1078)], prior to the present revision of 1903 [Act April 8, 1903 (P. L. 394)], that a building intended for a charitable use, but not yet used for that purpose, was not exempt from taxation. Presbyterian Board v. Fisher [68 N. J. Law 143, 52 A. 228]. The doubt suggested in that case as to the taxability of property where preparations were making before or at the time of the assessment to appropriate and use the property for the charitable purpose is removed by the change in the language of the act and the insertion of the words 'actually used'."

The Pennsylvania statute is more strict than the New Jersey statute. It granted an exemption: " 'Provided, That all property, real or personal, other than that which is in *actual use and occupation for* the purpose aforesaid, and from which any income or revenue is derived, shall be subject to taxation.' To

furnish a basis for exemption it is not necessary that there be receipt of income, but there must be 'actual use and occupation'." Dougherty v. City of Philadelphia, 112 Pa. Super. 570, 573, 172 A. 177, 178. (Emphasis supplied.)

Appellant cites cases from Colorado and New Mexico which are of no assistance as both states admittedly follow the rule of liberal construction.

Two recent cases in strict construction states reach opposite results. In Cedars of Lebanon Hospital v. Los Angeles County, 35 Cal.2d 729, 221 P.2d 31, 39, 15 A. L. R.2d 1045, the exemption during the construction period was denied. The fact that this decision did not conform to legislative intent is established by the action of the legislature in shortly thereafter amending the exemption statute to specifically include "facilities in the course of construction". California Revenue and Tax Code, section 214.1.

In the Village of Hibbing v. Commissioner of Taxation, 217 Minn. 528, 535, 14 N.W.2d 923, 926, 927, 156 A. L. R. 1294, 1300, the Minnesota court granted exemption to a property being remodeled and fitted for use as a public hospital which had formerly been a private hospital. The court said: "* * * the right to exemption depends upon the concurrence of the institution's ownership and use of the property as a public hospital. The right of exemption carries with it, as an incident, a reasonable opportunity by an institution entitled to tax exemption of its property, in execution of an intention so to do, to adapt and fit property acquired by it for the use upon which the right of exemption rests."

The court concluded: "The board was warranted in adopting the view that, since on May 1, 1941, the parties were using the opportunity, incident to the exemption, of adapting and fitting the property for use as a public hospital, they were devoting the property to a use comprehended within the exemption, and consequently that it was being used and operated as a public hospital within the meaning of the exemption provisions of the constitution and statutes."

■ We conclude it is in accord with legislative intent, more consistent with our own decisions, and not contrary to any gen-

eral rule in other jurisdictions to hold that property, which will be exempt under section 427.1(9) when a building being erected thereon is completed and occupied, is also exempt during the construction period.

The trial court is therefore reversed and the matter remanded for judgment in accordance herewith.—Reversed.

HAYS, LARSON, THORNTON and SNELL, JJ., concur.

GARFIELD, C. J., and MOORE, J., dissent.

MASON and RAWLINGS, JJ., take no part.

GARFIELD, C. J.—I must respectfully dissent.

The narrow point to be decided is the meaning of the word "used" in section 427.1(9). The exemption is to "all grounds and buildings used by" the listed organizations. It is evident the plaintiff must base its claim here upon the contention that it is a "charitable" society or institution, and it is not contended otherwise.

The majority suggests there is considerable merit in the argument the statute is so plain and free from doubt or ambiguity that there is no room for construction. I cannot agree. What is a "use" for the designated purposes has been discussed in other jurisdictions and nowhere has the term been found so clear that interpretation was not needed. The question is whether the property is being "used" for charitable purposes when a structure is under construction upon it which is intended for a charitable purpose, but before it is actually completed and in operation. To state the question is to demonstrate the statute is not so clear that doubt and ambiguity are not present.

One well settled principle should determine this appeal. Iowa is one of most jurisdictions which holds to the rule of strict construction of tax exemption statutes. In Readlyn Hospital v. Hoth, 223 Iowa 341, 344, 272 N.W. 90, 91, 92, is this clear statement: "Statutes passed for the purpose of exempting property from taxation must be strictly construed, and if there is any doubt upon the question it must be resolved against the exemption and in favor of taxation. The exemption is not to be made

by judicial construction, but anyone claiming exemption from taxation under a statute must show clearly that the property is exempt within the terms of the constitution and the statute." Numerous precedents are then cited.

We have followed and applied this rule in many later cases. Trinity Lutheran Church v. Browner, 255 Iowa 197, 200, 201, 121 N.W.2d 131, 133; Fischer Artificial Ice etc. Co. v. Iowa State Tax Comm., 248 Iowa 497, 499, 81 N.W.2d 437, 439; Jones v. Iowa State Tax Comm., 247 Iowa 530, 534, 74 N.W.2d 563, 565, and citations in these opinions. ("Taxation is the rule and exemption therefrom the exception; and the claimant of such an exemption must show his right thereto by evidence which leaves the question free from doubt.") Many other Iowa cases might be cited which adhere to this rule.

The Trinity Lutheran Church opinion, supra, involving a claim for tax exemption under this same statute, section 427.1 (9), makes this pronouncement: "The current trend throughout the country as shown by recent decisions is to curb and restrict exemptions such as we have here. Adherence to what is now the majority rule would deny exemption to the property involved on the ground that a residence is a place in which to live and as such is not used solely for religious purposes."

The exemption was allowed in the Trinity case largely on the basis of stare decisis—a 3-to-2 decision in 1877. The opinion indicates quite clearly that if the question there were one of first impression (as the one here is) the decision would go the other way. Even then, four of the nine justices dissented from the opinion.

Trustees of Iowa College v. Baillie, 236 Iowa 235, 238, 17 N.W.2d 143, 146, cites authorities for this proposition: "A claim for exemption cannot be sustained unless it is clearly shown to be within the letter and spirit of the law." Jones v. Iowa State Tax Comm., supra, 247 Iowa 530, 535, 74 N.W.2d 563, 565, re-iterates this and adds, from Black's Law Dictionary, Third Ed., "The letter of a statute, as distinguished from its spirit, means the strict and exact force of the language employed, as distinguished from the general purpose and policy of the law."

The general rule applicable here is thus stated in 34 A. L.

R., annotations, page 672: "Land on which buildings to be used for charitable purposes are in the course of erection, or are in good faith contemplated, is generally held not exempt from taxation." It is true there is minority of authority to the contrary.

The real distinction between these opposing lines of cases is pointed out in the well considered case of Cedars of Lebanon Hospital v. Los Angeles County, 35 Cal.2d 729, 743, 221 P.2d 31, 39, 40, 15 A. L. R.2d 1045, 1056, where the identical question here involved was considered and decided. It was there held: "It is argued that some effect should be given to these factors: that the exemption here is sought for property on which considerable progress had already been made with the building, that the work was being diligently prosecuted, and upon its completion it was in fact used pursuant to its design for an exempt purpose—as distinguished from a claim made with respect to vacant land on which it is the intention to start construction at some future date. But these considerations attesting to the * * * institution's good faith in carrying out its building program are wholly immaterial under the welfare exemption law, where the language plainly makes use of the property the basis of the exemption, and manifestly an incompleted building cannot meet that condition. Such matters of bona fide intention as well as acts on the part of the qualifying institution have been recognized in decisions by courts which are committed to the doctrine of liberal construction of tax exemption statutes [citing Colorado and New Mexico cases]. But the reasoning of such decisions is without force under the rule of strict construction followed in this state and in most of the other states. * * * here the problem concerns new buildings on property which had not yet acquired a definite character, and would not until completed and used for the designated hospital purposes. Dougherty v. City of Philadelphia, 112 Pa. Super. 570, 172 A. 177, 180."

I disagree with the majority's attempt to distinguish this California case by the assertion that legislative intent in the passage of an existing law is established by an amendment to it enacted after a court decision construing the existing act. The interpretation of an existing statute is a judicial, not legislative, function. The legislative intent that is controlling in the con-

struction of a statute has reference to the legislature which enacted it, not a subsequent one. The legislature may say what the law shall be, not what it is or has been. Des Moines Independent Community School Dist. v. Armstrong, 250 Iowa 634, 645, 95 N.W.2d 515, 521, 522; City of Sioux City v. Young, 250 Iowa 1005, 1009, 1010, 97 N.W.2d 907, 910, 911, and citations in these opinions.

The California case cited above not only holds flatly and for cogent reasons that realty on which a building intended to be used for charitable purposes is under construction is not exempt from taxation, but points out the proper distinction in such matters between strict construction jurisdictions on one hand and liberal construction states on the other. In the latter category are Colorado and New Mexico. See McGlone v. First Baptist Church of Denver, 97 Colo. 427, 50 P.2d 547, 548, where the same distinction is pointed out.

The effect of the majority opinion is to depart from our long established rule of strict construction and follow the minority rule of liberal interpretation. The majority thinks that if the words of the statute, "for their appropriate objects" are strictly construed, the words "used by * * * charitable * * * institutions" must be interpreted liberally. No authority is cited for construing part of a statute, the part not in issue, strictly but the part that is in question liberally. The majority substitutes the will for the deed, the intent for the act.

"The road to Hell is paved with good intentions", says an old English maxim. "He meant well" has served as an epitaph for many a futile endeavor, many a lost cause. Another proverb applicable here is that "there is many a slip between the cup and the lip." All of these go to the point that a bona fide design to do good, to effectuate a charitable purpose, is not enough. It is only when they are put into effect that the best intentions will perform any real purpose.

Mullen v. Commissioners of Erie County, 85 Pa. 288, 292, 27 Am. Rep. 650, 652, aptly states: "It is thus clear, from both the constitution and the law, it is the use, not the building which defines the exemption. But the use which is made of a place is a present fact, not something ideal or in contemplation merely.

If religious or public worship has not been held in the place, indeed, statedly held in it, the place itself has not a character. At some day, distant or near, it may be intended to be used for stated public worship, but the fact that it is not now used strips it of its only title to exemption. * * * A building intended for a church may never be finished, or its use may be changed. On what principle, under the new constitution, should the property be exempted from taxation before it can be used, when it is the use only which gives it a title to exemption."

The majority thinks the result of an affirmance here would conflict with National Bank of Burlington v. Huneke, 250 Iowa 1030, 98 N.W.2d 7. The cited case was decided under a different part of the statute, section 427.1(10), dealing with moneys and credits and placing stress upon ownership of trust funds. The determining part of the opinion is this: "* * * although the hospital had not been constructed, the funds were firmly committed and could not be diverted from the sole purpose of acquiring, constructing and operating the Klein Memorial Hospital, and during the interim the tax exemption was not lost." Loc. cit. 250 Iowa 1037, 1038, 98 N.W.2d 12.

The distinction between the case just cited and this is obvious. The moneys in the trust fund in the Burlington bank were by the terms of the will set aside for the construction of the hospital. As we said, they "could not be diverted from that purpose." In this case there is no more than an intention to construct a building which, if and when completed, would be used for what was thought would be a charitable purpose. Conceding the good intention, the structure may never be finished, or when finished, used for the now intended purpose. The majority seems to regard as a certainty the completion and use of the building for its intended purpose.

Iowa Wesleyan College v. Knight, 207 Iowa 1238, 224 N.W. 502, is also cited. It decides only that when an educational institution holds the equitable title to property it is entitled to the statutory exemption. It does not touch the question before us. The purpose in citing these Iowa cases is not clear; they serve at best only as make-weights and add nothing more than a small portion of confusion.

Indeed it is not clear what the majority holds other than to proclaim the exempt status of the grounds and building in question. It is clear it does not hold the grounds and building were used by plaintiff as a hospital or home for the elderly on the assessment date so as to qualify for tax exemption under a strict construction of section 427.1(9).

Zollmann, American Law of Charities, is cited by the majority. The citation may serve as a philosophical defense of the exemption laws but it has nothing to do with the legal question here involved. One statement from page 465, paragraph 693, of the cited work is, "The benefits derived by the community at large from charitable institutions far outweigh the trivial inequality caused by an exemption of their property." This requires some considerable qualification. The nature and extent of the charity are most important. Many hospitals and old people's homes are now being constructed as to which the charity involved is not always readily discernible, at least to those who need their care. The charges are often high—so high as to prohibit the use of the facilities to those who need them most. Whether the benefits of an exemption to this sort of institution "far outweigh" the inequality of tax exemption is debatable.

The tax burden, federal, state and local, grows heavier and heavier. The amount of property of the national and state governments, and of various institutions exempted under our statutes, likewise increases by leaps and bounds. So as taxes increase, the amount of property available to pay them diminishes. Thus "charity" is often illusory. Indeed it may well be that the time has come when we can no longer refer, as did Zollmann, to the "trivial inequality" caused by tax exemptions.

Village of Hibbing v. Commissioner of Taxation, 217 Minn. 528, 14 N.W.2d 923, 156 A. L. R. 1294, does not support the majority's holding. The only question before the court was whether the hospital was a public one although the legal title and possession were still in the private vendor on the assessment date. "The question here is * * * whether an equitable owner is entitled to exemption where the vendor and vendee both devote the property to a use which constitutes a basis for exemption from taxation" (page 534 of 217 Minn., page 926 of 14 N.W.2d, page

1300 of 156 A. L. R.). The exemption was granted by the state constitution, not alone by a statute subject to strict construction. See State v. P. K. M. Electric Co-Operative, Inc., 242 Minn. 404, 65 N.W.2d 871, 877. See also the comments on the Hibbing case in annotation, 156 A. L. R. 1301, 1304.

Briefs have been filed by certain institutions calling themselves "amica curiae." As always, they are not in fact friends of the court but of one of the contesting parties. Their briefs follow the general trend of plaintiff's argument and likewise do not cite any substantial authority which upholds the plaintiff's claim to exemption.

This dissent includes much of the material in one prepared by JUSTICE THOMPSON, who retired from this court July 1, to another reversing opinion—not, however, by the writer of this majority opinion.

I would affirm.

MOORE, J., joins in this dissent.