DES MOINES COALITION FOR THE HOMELESS, Appellant,

v.

DES MOINES CITY BOARD OF REVIEW, Appellee.

No. 92–348.

Supreme Court of Iowa.

Dec. 23, 1992.

Robert C. Oberbillig and Kim L. Pearson, Des Moines, for appellant.

William J. Lillis and Christopher R. Pose of Connolly, O'Malley, Lillis, Hansen & Olson, Des Moines, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

PER CURIAM.

The Des Moines Coalition for the Homeless (Coalition) appeals from the trial court's refusal to grant it a property tax exemption. The question is whether property owned by a charitable organization, which is being renovated and is unoccupied, qualifies as property being "used or under construction" for purposes of Iowa Code section 427.1(9) (1991). We think it does.

The Coalition is a nonprofit organization exempt from federal income tax under Internal Revenue Code section 501(c)(3). It was formed to assist homeless families obtain transitional housing. The Coalition renovates vacant or substandard houses for the homeless. In addition to providing shelter, the Coalition provides support and resources so the families may become self-sufficient.

On May 24, 1991, the Coalition obtained property at 680 Bridal Row (or 680 15th Street) in Des Moines, Iowa. The Coalition filed a claim for property tax exemption with the Polk County Assessor Board of Review (Board). At the time the Coalition applied for the exemption, bids had been taken for the completion of the renovation, roofing materials had been delivered to the site, and the foundation of the house had been secured. The property, however, was unoccupied. On July 9, 1991, the Board denied the exemption.

On July 26, 1991, the Coalition filed a petition in district court asking the court to overrule the decision of the Board. The Board subsequently filed a motion for summary judgment, which was resisted by the Coalition.

On February 6, 1992, following a hearing, the district court granted the Board's motion for summary judgment. The district court found that, since the property was unoccupied, waiting for renovations to be completed, it did not qualify as "used" property for the purpose enumerated in Iowa Code section 427.1(9). In addition, the district court found that the meaning of "under construction" in section 427.1(9) did not include renovations, improvements or repairs. Therefore, the district court concluded that the property did not qualify for tax exempt status. The Coalition has appealed.

I. Our review is de novo. *Atrium Village v. Board of Review*, 417 N.W.2d 70, 72 (Iowa 1987). We strictly construe the statutes exempting property from taxation. *Id.* Any doubts concerning an exemption must be resolved in favor of taxation. *Id.* The burden is upon the party claiming the exemption to show the property should not be taxed. *Id.*

II. Iowa Code section 427.1 provides in relevant part:

The following classes of property shall not be taxed:

. . . .

(9) Property of religious, literary, and charitable societies. All grounds and buildings used or under construction by literary, scientific, charitable, benevolent, agricultural, and religious institutions and societies solely for their appropriate objects. . . .

This case turns upon the meaning of the words "under construction" in section 427.-1(9). The trial court held that under construction means the creation of something new, rather than repair or improvement of something already existing. The Board claims that the "under construction" portion of the trial court's ruling was not appealed by the Coalition and therefore waived. Iowa R.App.P. 14(a)(3). We disagree with the Board's conclusion that the Coalition waived this issue.

■ Exemption statutes are a legislative recognition of the benefits received by society as a whole from properties devoted to appropriate objects of exempt institutions and the consequent lessening of the burden on the government. *Richards v. Iowa Dep't of Revenue*, 414 N.W.2d 344, 351 (Iowa 1987). Tax exemption statutes are designed to encourage organizations to use their funds and property for such projects. *South Iowa Methodist Homes, Inc. v. Board of Review*, 257 Iowa 1302, 1305, 136 N.W.2d 488, 490 (1965).

It is not disputed that the Coalition is a qualified charitable organization. It also appears that once the property is renovated and occupied it will be exempt from property taxes. The court acknowledged that with respect to property falling within the statute, the court must interpret the statute liberally to promote its object. *Id.*

■ We believe subjecting this otherwise exempt property to taxation during renovation would defeat the objectives of the exemption statutes. The inequities of taxing a property that is being renovated may be demonstrated by considering what would happen if a church were partially destroyed and could not be occupied while it was being repaired. It would be unjust for the church to lose its tax exempt status merely because the building is being repaired instead of being replaced by a new structure. Similarly, it would be unjust for the Coalition's property to lose its exempt status every time the property is vacant and repairs are being made prior to the time a new family moves in. Such a stringent application of the statute would lead to anomalous results.

We hold that the legislature intended the terms "under construction" in section 427.-1(9) to include renovations and repairs to charitable property. Therefore, we conclude that property, which will be exempt under section 427.1(9) when renovations are completed and it is occupied, is also exempt during the renovation period. The decision of the district court is reversed and the matter remanded for judgment in accordance with this decision.

REVERSED AND REMANDED.